## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CRAIG PENFOLD PROPERTIES, INC.,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-326-L** |
| | § | |
| **THE TRAVELERS CASUALTY INSURANCE COMPANY, TRAVELERS LLOYDS INSURANCE COMPANY, and UNIFIED BUILDING SCIENCES & ENGINEERING, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed February 6, 2014.  After careful consideration of the motion, response,[1] record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

## I.      Procedural Background

This action arises out of a dispute over a claim made under an insurance policy (the "Policy").  Craig Penfold Properties, Inc. ("Plaintiff" of "Penfold"), a Texas corporation, filed this action on December 11, 2013, against The Travelers Casualty Insurance Company and Travelers Lloyds Insurance Company (collectively, "The Travelers Defendants") in the 298th Judicial

---

[1] Plaintiff Craig Penfold Properties, Inc. did not file a reply to Defendants The Travelers Casualty Insurance Company and Travelers Lloyd's Insurance Company's Response to Plaintiff's Motion to Remand.

**Memorandum Opinion and Order – Page 1**

District Court, Dallas County, Texas.  Plaintiff asserted claims for breach of contract and negligence against The Travelers Defendants.  Pl.'s Orig. Pet. 3-4.

On January 9, 2014, Penfold filed Plaintiff's First Amended Petition ("Amended Petition"). In the Amended Petition, Plaintiff added Unified Building Sciences & Engineering, Inc. ("UBSE"), a Texas corporation, as a defendant and asserted a claim for negligence against it. Specifically, Plaintiff contends that UBSE breached its duty to Penfold by failing to properly investigate an insurance claim and by failing to properly adjust the claim.  Pl.'s First Am. Pet. ¶¶ 19-21.

The Travelers Defendants removed the state court action to federal court on January 27, 2014, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of costs and interest.[2]  The Travelers Defendants contend that UBSE was improperly joined to defeat diversity jurisdiction because there is no reasonable possibility that Plaintiff can recover on its negligence claim against UBSE.  They urge the court to disregard UBSE's citizenship, hold that complete diversity exists between the parties, and deny Plaintiff's Motion to Remand.

Penfold contends that UBSE was not improperly joined and that under the "fair notice" standard for Texas pleadings the allegations set forth in the Amended Petition are sufficient for the court to have a reasonable basis to predict that Plaintiff might be able to recover on its negligence claim against UBSE, the nondiverse defendant.  For these reasons, Penfold argues that there is not complete diversity of citizenship between the parties and requests the court to remand this action to state court.

---

[2] The parties do not dispute whether the amount-in-controversy requirement has been met.

**Memorandum Opinion and Order – Page 2**

## II.      Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past.  Although there is no substantive difference between the two terms, 'improper joinder' is preferred."  *Id.* at 571 n.1.  Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, The Travelers Defendants have the burden to establish that UBSE was joined by Penfold to defeat federal jurisdiction.  *Id.* at 575.  The court is to resolve "any doubt as to the propriety of removal" in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  The citizenship

of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists.  *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, The Travelers Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Since The Travelers Defendants do not assert fraud on the part of Penfold, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned."  *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder."  *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted).  "This possibility, however, must be reasonable, not merely theoretical."  *Id*.  If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded.  *Smallwood*, 385 F.3d at 575.  In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so."  *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).  To determine whether a party was improperly joined,

the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995).

III.   **Analysis**

A.   **Allegations of the Amended Petition**

Penfold owns commercial property (the "Property") in the Town of Addison, Dallas County, Texas. The Travelers Defendants insured the Property. A windstorm and hailstorm

damaged the Property on June 13, 2012.  Plaintiff discovered the damage in December 2012 and

notified the Travelers Defendants of the loss shortly after discovering it.  As previously noted,

Plaintiff added UBSE as a party in the Amended Petition.  The allegations relevant to UBSE are

as follows:

> 11.      On or about January 21, 2013, Defendant UBSE inspected the
> property.  Defendant USBE [sic] knew that the Travelers Defendants would rely on
> its report to adjust the claim.  Defendant USBE [sic] inspected and found hail
> damage to the roof.  In spite of the presence of hail damage, Defendant UBSE failed
> to recommend appropriate repairs in conformity with industry standards for roofs
> with the same or similar damage.  Relying on Defendant UBSE's report, the
> Travelers Defendants have refused to pay Plaintiff for the damages caused during
> the policy period(s).  This failure to pay for the damages sustained during the policy
> period(s) is a breach of the terms of the Policy.  The Travelers Defendants engaged
> UBSE with the pre-determined belief that it would minimize the amount of damage
> caused by the hail/wind storm.  UBSE has a long[-]standing relationship with the
> Travelers Defendants and other similarly situated commercial property insurers and
> is well known for minimizing monetary exposure for its clients.
> . . . .
>
> 19.      Defendant USBE [sic] owed a duty to Plaintiff to adjust the claim
> and pay the loss in accordance with the standards in the insurance industry.
>
> 20.      Defendant UBSE breached their duty to Plaintiff in one or more of
> the following ways:
>
> (a)      Failing to properly investigate the claim; [and]
> (b)      Failing to properly adjust the claim;
>
> 21.      These acts or omissions by the Defendant UBSE, singularly or in
> any combination, are a proximate cause of the damages suffered and to be suffered
> in the future by Plaintiff, for which Plaintiff now sues.

Pl.'s First Am. Pet. ¶¶ 11, 19-21.

## B.      Applicable Standard for Pleadings

In deciding whether a plaintiff has pleaded sufficient facts for the district court to predict

that a reasonable basis exists that a plaintiff might recover from a nondiverse defendant, the court

must decide whether the state or federal standard for pleading applies.  The state standard for

pleadings is more relaxed than the federal standard required to defeat a motion pursuant to Federal

Rule of Civil Procedure 12(b)(6).  A pleading in district or county courts of Texas is to include a

"statement in plain and concise language of the plaintiff's cause of action or the defendant's

grounds of defense.  That an allegation be evidentiary or be of legal conclusion shall not be grounds

for objection when fair notice to the opponent is given by the allegations as a whole."  Tex. R. Civ.

P. 45(b).  Texas courts are not to "give pleadings a too cabined reading."  *SmithKline Beecham

Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995).  Under Texas law, the pleading standard is one

of "fair notice of the claim involved."  Tex. R. Civ. P. 47(a).  This standard "looks to whether the

opposing party can ascertain from the pleading the nature and basic issues of the controversy and

what testimony will be relevant at trial."  *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—

Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007).  A state court petition is

to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action

from what is stated in the petition, even if the pleading party fails to allege specifically one of the

elements of a claim.  *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

On March 1, 2013, Rule 91a of the Texas Rules of Civil Procedure became effective.  This

new rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis
> in law or fact.  A cause of action has no basis in law if the allegations, taken as true,
> together with inferences reasonably drawn from them, do not entitle the claimant
> to the relief sought.  A cause of action has no basis in fact if no reasonable person
> could believe the facts pleaded.

Tex. R. Civ. P. 91a.1.  The motion must be decided "solely on the pleading of the cause of action,

together with any pleading exhibits permitted by Rule 59."  Tex. R. Civ. P. 91a.6.  This new rule

now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil

Procedure 12(b)(6).

**Memorandum Opinion and Order – Page 7**

In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005). Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical and sound. When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that one pleading in state court should be so hapless to be put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern. Moreover, in *Michels v. Safeco Insurance Company of Indiana*, the Fifth Circuit recently held that a district court correctly used the Texas "fair notice" pleading standard to determine whether the plaintiffs had sufficiently pleaded facts for the district court to predict that a reasonable basis existed that they might be able to recover against the nondiverse defendant. 544 F. App'x 535, 539 (5th Cir. 2013). For these reasons, the court applies the Texas "fair notice" standard to the allegations of the Amended Petition and examines it in the context of Texas Rule of Civil Procedure 91a.

### C.    Discussion

The Amended Petition treats UBSE as an adjuster acting in privity with an insurance carrier. An adjuster "can be liable under Texas law." *Michels*, 544 F. App'x at 540. If the court were to rely strictly on the Amended Petition, a reasonable basis exists for it to predict that Penfold might recover against UBSE. This, however, is not the end of the story, as The Travelers Defendants have presented evidence that the Amended Petition "misstated or omitted discrete facts

that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.  When this occurs, the court, exercising its discretion, may "pierce the pleadings and conduct a summary inquiry." *Id.* (footnote omitted).  The court determines that such inquiry is necessary to determine whether joinder was proper.

Evidence submitted by The Travelers Defendants establishes that UBSE is a professional engineering firm that was hired by Defendant The Travelers Lloyds for the specific purpose of examining the Property and providing an analysis of the likely cause and extent of damage to the insured Property; that UBSE did not know what coverage the Policy provided, never spoke to Penfold regarding coverage, and did not analyze or evaluate coverage under the Policy; that UBSE was not hired or retained to adjust the claim made by Penfold and did not act as an adjuster on the claim; that UBSE made no decisions with respect to whether any portion of the damage was covered under the Policy, and that at all times, UBSE was acting pursuant to its contract for professional services with Defendant The Travelers Lloyds.  Aff. of Richard Windham 1-2. Penfold did not object to or produce any evidence to controvert Windham's affidavit.  Further, nothing in the record indicates that UBSE, other than Penfold's conclusory statement, was an adjuster.

Courts in Texas "have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not 'persons' engaged in the business of insurance.  An independent engineering firm hired by an insurance company to investigate a claim is not 'engaged in the business of insurance' under the [Texas] Insurance Code." *Michels*, 544 F. App'x at 540 (citations omitted).  Based upon the court's summary inquiry, it concludes that UBSE was not acting in privity with The Travelers Defendants or acting under the Texas Insurance Code.  As UBSE does not come within the definition of a "person engaged in the business of insurance," and

the evidence shows that it was not in privity with The Travelers Defendants, there is no reasonable basis for the court to predict that Penfold might recover on its negligence claim against UBSE, the in-state defendant.   Accordingly, the court determines that Penfold improperly joined UBSE to defeat diversity jurisdiction.   Since UBSE was improperly joined, the court disregards its citizenship and holds that complete diversity exists between the parties.

## IV.    Conclusion

For the reasons herein stated, UBSE, the nondiverse defendant, was improperly joined to defeat diversity, and the court disregards its citizenship for diversity purposes.   Accordingly, the court has subject matter jurisdiction over this action and **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 14th day of August, 2014.

Sam A. Lindsay
United States District Judge