IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CRAIG PENFOLD PROPERTIES, INC.,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:14-CV-326-L** |
| § | |
| **THE TRAVELERS CASUALTY INSURANCE COMPANY, TRAVELERS LLOYDS INSURANCE COMPANY, and UNIFIELD BUILDING SCIENCES & ENGINEERING, INC.,** § § § § § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Unified Building Sciences & Engineering, Inc.'s 12(b)(6) Motion (Doc. 15) ("Motion"), filed April 2, 2014. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendant Unified Building Sciences & Engineering, Inc.'s 12(b)(6) Motion.

**I.   Procedural Background**

This action arises out of a dispute over a claim made under an insurance policy (the "Policy"). Craig Penfold Properties, Inc. ("Plaintiff" of "Penfold"), a Texas corporation, filed this action on December 11, 2013, against The Travelers Casualty Insurance Company and Travelers Lloyds Insurance Company (collectively, "The Travelers Defendants") in the 298th Judicial District Court, Dallas County, Texas. On January 9, 2014, Penfold filed Plaintiff's First Amended Petition ("Amended Petition"). In the Amended Petition, Plaintiff added Unified Building Sciences

& Engineering, Inc. ("UBSE" or "Defendant"), a Texas corporation, as a defendant and asserted a claim for negligence against it. On April 2, 2014, UBSE filed its Motion to Dismiss, urging the court to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6).

The Travelers Defendants removed the state court action to federal court on January 27, 2014, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of costs and interest. The court denied Plaintiff's Motion to Remand on August 14, 2014.

## II.    Factual Background

Plaintiff contends that UBSE breached its duty to Penfold by failing to properly investigate an insurance claim and by failing to properly adjust the claim. Pl.'s First Am. Pet. ¶¶ 19-21. With respect to USBE, Plaintiff alleges the following:

> 11.   On or about January 21, 2013, Defendant UBSE inspected the property. Defendant USBE [sic] knew that the Travelers Defendants would rely on its report to adjust the claim. Defendant USBE [sic] inspected and found hail damage to the roof. In spite of the presence of hail damage, Defendant UBSE failed to recommend appropriate repairs in conformity with industry standards for roofs with the same or similar damage. Relying on Defendant UBSE's report, the Travelers Defendants have refused to pay Plaintiff for the damages caused during the policy period(s). This failure to pay for the damages sustained during the policy period(s) is a breach of the terms of the Policy. The Travelers Defendants engaged UBSE with the pre-determined belief that it would minimize the amount of damage caused by the hail/wind storm. UBSE has a long[-]standing relationship with the Travelers Defendants and other similarly situated commercial property insurers and is well known for minimizing monetary exposure for its clients.
> . . . .
>
> 19.   Defendant USBE [sic] owed a duty to Plaintiff to adjust the claim and pay the loss in accordance with the standards in the insurance industry.
>
> 20.   Defendant UBSE breached their duty to Plaintiff in one or more of the following ways:

> (a) Failing to properly investigate the claim; [and]
> (b) Failing to properly adjust the claim;
>
> 21. These acts or omissions by the Defendant UBSE, singularly or in any combination, are a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

Pl.'s First Am. Pet. ¶¶ 11, 19-21.

### III. Applicability of the Federal or Texas Pleading Standard

As a threshold issue, Plaintiff argues that the district court should apply the Texas pleading standards to determine whether it has stated a claim for relief. Pl.'s Resp. ¶ 9. Defendant does not address this argument in its reply.

In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir.2005). Although De La Hoya is unpublished, its application of the Texas pleading standard is logical. When a party files suit in a Texas court, such party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that a pleader in state court should be so hapless that he or she is put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard.[1] Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern. *Durable Specialties Inc. v. Liberty Ins. Corp.*, 11-739, 2011 WL 6937377, at *5 (N.D. Tex. December 30, 2011); *see also Iyeldell v. GeoVera Speciality Ins. Co.*, 11-739, 2011 WL 6937377, at * 2 (N.D. Tex. November 8, 2012) ("For

purposes of the improper joinder inquiry, this Court finds that the assessment of the sufficiency of the factual allegations should be reviewed under Texas's 'fair notice' pleading standard, not the heightened federal pleading standard."). For these reasons, the court applies the Texas "fair notice" standard to the allegations of Plaintiff's Amended Petition.

## IV.     Texas Pleading Standard

As the court explained in its opinion denying Plaintiff's motion to remand, the state standard for pleadings is more relaxed than the federal standard required to defeat a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). A pleading in district or county courts of Texas is to include a "statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas courts are not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas law, the pleading standard is one of "fair notice of the claim involved." Tex. R. Civ. P. 47(a). This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007). A state court petition is to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action from what is stated in the petition, even if the pleading party fails to allege specifically one of the elements of a claim. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

On March 1, 2013, Rule 91a of the Texas Rules of Civil Procedure became effective. This new rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1. The motion must be decided "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. This new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6).

## V.  Analysis

### A.  The Requirement to File a Certificate of Merit[2]

Defendant argues that one basis for dismissing Plaintiff's negligence claim is Penfold's failure to file a certificate of merit, as required by Texas law. Plaintiff contends that filing a certificate of merit is not required in this action, because its allegations do not relate to professional negligence and instead arise from UBSE's role as a *de facto* adjuster.

Under Texas law, a plaintiff must file a certificate of merit in any action for "damages arising out of the provision of professional services." Tex. Civ. Prac. & Rem. Code § 150.002 (a). The certificate of merit must include an affidavit of a third-party licensed professional and must set forth

---

[2] There is debate as to whether § 150.002(a) applies in federal court. *Compare Estate of C.A. v. Grier*, 752 F. Supp. 2d 763, 772 (S.D. Tex.2010) (holding that "Texas certificate-of-merit statute collides with federal law" and denying the defendant's "motion to dismiss based on failure to comply with § 150.002. . . because that statute is a procedural rule that does not apply in this federal-court diversity case.") *with Garland Dollar General LLC v. Reeves Development LLC*, 09-0707, 2010 WL 4259818, at *7 (N.D. Tex. 2010) (holding that Rule 8 is not in conflict with § 150.002 and granting a motion to dismiss for plaintiff's failure to comply with § 150.002(a)). In any event, Plaintiff requested that the court apply the Texas pleading requirements, and the court agreed. Accordingly, Plaintiff must also comply with the Texas certificate-of-merit statute, if it is found applicable.

"which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill . . . ." Tex. Civ. Prac. & Rem. Code § 150.002 (b).

To determine whether an action arises out of professional services and requires a certificate of merit, "the issue is not whether the alleged tortious acts constituted the provision of professional services, but rather whether the tort claims arise out of the provision of professional services." *Foundation Assessment, Inc. v. O'Connor*, 426 S.W.3d 827, 834 (Tex. App. Forth Worth 2014) (citing *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 793 (Tex.App. Houston [14th Dist.] 2013, no pet.) (internal citations omitted). Moreover, courts "are not bound by the labels the plaintiff uses in formulating its pleadings." *TIC N. Cent. Dallas 3, LLC v. Envirobusiness, Inc.*, 13-01021, 2014 WL 4724706, at *4 (Tex. App. Dallas September 24, 2014, pet. filed) (citation omitted) (holding that an architecture firm, who was the tenant and seller of a building, was not providing professional services when it allegedly made misrepresentations regarding the building's condition, because "[Plaintiff] did not allege that [Defendant] made any of these representations as architects or in the course of business."). Courts "will examine the 'substance' of the plaintiff's pleadings to determine whether the 'cause of action' arises out of the provision of professional services." *Id.* (citation omitted).

Here, Penfold filed a negligence claim against UBSE, and the only question is whether Plaintiff's claim for negligence arises out of professional services provided by UBSE. Plaintiff argues that it was not required to file a certificate of merit, because its "allegations clearly evince a breach of duty by UBSE in its capacity as the adjuster of the damage to Plaintiff's building." Pl.'s

**Memorandum Opinion and Order - Page 6**

Resp. ¶ 15. Plaintiff also alleges that "UBSE owed a duty to Plaintiff to adjust the claim and pay the loss in accordance with the standards in the insurance industry." Pl.'s First Am. Pet. ¶ 19. Plaintiff, however, asserts that UBSE inspected its property and found hail damage; that UBSE wrote a report that it knew the Travelers Defendants would rely; and "that UBSE failed to recommend appropriate repairs in conformity with industry standards for roofs with the same or similar damage." Pl.'s First Am. Pet. ¶ 11. Based on Plaintiff's pleadings, the only logical conclusion for the court to reach is that UBSE inspected the property and made a recommendation to the Travelers Defendants regarding the extent of the damage to Plaintiff's roof in the course of its business as an engineering firm. The court is not bound by the labels used in Plaintiff's pleadings, and the substance of those pleadings leads to the conclusion that Plaintiff's negligence claim arises out of the provision of the professional engineering services. Accordingly, Plaintiff was required to file a certificate of merit.

**B.      Whether to Dismiss With or Without Prejudice**

Under Texas law, "[t]he plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant," and "[t]his dismissal may be with prejudice." Tex. Civ. Prac. & Rem. Code § 150.002 (e). Texas courts disagree as to the scope of the court's discretion to dismiss without prejudice. *Compare Bruington Eng'g, Ltd. v. Pedernal Energy, LLC*, 13-00558, 2014 WL 4211024, at *7 (Tex. App. San Antonio August 27, 2014) (interpreting the statute to allow dismissal without prejudice only in a narrow set of circumstances) *with TIC N. Cent. Dallas 3, LLC*, 2014 WL 4724706, at *4 (disagreeing with *Bruington*'s narrow interpretation of the statute).

*Bruington* held that the ability of a court to dismiss without prejudice depends on whether a plaintiff contemporaneously filed a certificate of merit with the first-filed complaint, as the statute

**Memorandum Opinion and Order - Page 7**

so requires. *Id.* at 7; *see also* Tex. Civ. Prac. & Rem. Code § 150.002 (a) (requiring a plaintiff to file an affidavit contemporaneously as their complaint). *Bruington* interpreted the statute to mean that, notwithstanding a narrow exception, "[a] failure to file a section 150.002(a) affidavit contemporaneously with the first-filed petition mandates dismissal with prejudice pursuant to section 150.002(e)." 2014 WL 4211024, at *7.

In *TIC N. Cent. Dallas 3, LLC*, on the other hand, the court held that "the statutory provision giving trial courts discretion to dismiss without prejudice reflects the legislature's intent to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute." 2014 WL 4724706, at *4. Specifically, the legislature's purposes for the statute was "to deter and end meritless claims quickly." *Id.* at *3. The court also noted that it disagreed with the interpretation adopted by *Bruington*. *Id.* at *4 ("We conclude when a plaintiff files a new action and includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute.").

After considering the competing interpretations, the court determines that the statute provides courts with discretion to dismiss without prejudice and does not limit this discretion in the manner that *Bruington* suggests. Accordingly, the court **dismisses without prejudice** Plaintiff's claim of negligence against UBSE.[3]

---

[3] Rule 12(b)(6) motions are ordinarily decided on the merits. In this case, the court's basis for granting Defendant's motion is based on a procedural defect. Under these circumstances, the court believes that a dismissal with prejudice is not warranted.

**Memorandum Opinion and Order - Page 8**

**It is so ordered** this 28th day of January, 2015.

                                                          Sam A. Lindsay
                                                        United States District Judge